UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN MILLS,

    Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, John Mills ("MILLS"), by and through the undersigned counsel, hereby sues The Lincoln National Life Insurance Company ("LINCOLN") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. MILLS was at all times relevant a plan participant under the Advantage Sales & Marketing LLC ("Advantage") Long Term Disability Plan, Group No.: 00001018244300000 ("LTD" Plan).

3. Defendant, LINCOLN, is a corporation with its principal place of business in the State of Indiana, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINCOLN is the insurer of benefits under the Advantage LLC. LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINCOLN LTD Plan are employee welfare benefit plans regulated by ERISA, established by Advantage, under which MILLS was a participant, and pursuant to which MILLS is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, MILLS is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as MILLS remains disabled as required under the terms and conditions of the LTD plan.

5. Pursuant to the terms and conditions of LTD Plan, MILLS is entitled to benefits for the duration of the Plaintiff's disability, for so long as MILLS remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida and in that the final denial occurred/was delivered in the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. MILLS incorporates by reference all preceding paragraphs as though fully set forth herein.

8.      At all times relevant, MILLS was an employee or former employee of Advantage and a plan participant under the terms and conditions of the LTD Plan.

9.      During the course of MILLS's employment, MILLS became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while MILLS was covered under the LTD Plan, MILLS suffered a disability, which is discussed in great detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10.     Pursuant to the terms of the LTD Plan, MILLS made a claim to LINCOLN for benefits under the LTD Plan with an effective date of disability of March 10, 2015.

11.     The LTD Plan defines disability to mean As it relates to his current claim Total Disability or Totally Disabled is defined to mean: (2) After the Own Occupation Period, it means that as a result of an Injury or Sickness the Insured Employee (a) is not working; or if working, would not be Partially Disabled; and (b) is unable to perform with reasonable continuity the Substantial and Material Acts of Any Occupation that exists within any of the following locations: (i) a reasonable distance or travel time from the Insured Employee's residence in light of the commuting practices of his or her community; (ii) a distance or travel time equivalent to the distance or travel time the Insured Employee traveled to work before becoming Disabled; or (iii) the regional labor market, if the Insured Employee resides or did reside prior to becoming disabled in a metropolitan area.

12.     LINCOLN initially approved MILLS' claim for LTD Benefits after it determined he was unable to perform the duties of his own occupation.

13.     On May 10, 2016, LINCOLN advised MILLS it was terminating his claim for LTD Benefits as it had determined he was not disabled under the own occupation

standard of disability.

14. On October 12, 2016, MILLS filed his first mandatory appeal of the denial of his LTD Claim.

15. On January 20, 2017, LINCOLN advised MILLS it was upholding the denial of his claim for LTD Benefits.

16. On February 24, 2017, MILLS filed his mandatory second appeal of the denial of his claim.

17. On September 5, 2017, LINCOLN partially overturned the denial of MILLS claim.

18. In a September 5, 2017, letter LINCOLN advised MILLS it was approving his claim through the remainder of the own occupation period, or March 10, 2017, but was denying his claim for continued benefits into the any occupation stage.

19. In partially approving and partially denying MILLS' claim LINCOLN advised MILLS he had a right to appeal the denial of the any occupation decision.

20. On March 6, 2018, MILLS filed his first mandatory appeal of the "any occupation" denial of his claim for benefits.

21. On May 31, 2018, LINCOLN advised MILLS it was upholding its decision to deny his claim for LTD Benefits under the "any occupation" stage.

22. On November 27, 2018, MILLS filed his second mandatory appeal of LINCOLN's denial.

23. On December 27, 2018, LINCOLN advised MILLS that it was partially approving his claim for benefits through May 9, 2018, and continuing its review beyond that point.

24. LINCOLN provided MILLS with a copy of the Peer Review report that

determined there were no restrictions beyond May 9, 2018.

25. MILLS' treating physician provided a rebuttal letter to LINCOLN's doctor's opinion.

26. On February 20, 2019, LINCOLN advised MILLS it was upholding the denial of his claim. Despite a partial approval of his LTD claim LINCOLN advised MILLS he had exhausted his administrative remedies.

27. MILLS has exhausted his mandatory administrative remedy under ERISA.

28. LINCOLN breached the LTD Plan and violated ERISA in the following respects:

    a. By failing to pay LTD benefits to MILLS at a time when LINCOLN and the LTD Plan knew, or should have known, that MILLS was entitled to those benefits under the terms of the LTD Plan, as MILLS was disabled and unable to work and therefore entitled to benefits.

    b. After MILLS's claim was denied in whole or in part, LINCOLN failed to adequately describe to MILLS any additional material or information necessary for MILLS to perfect his claim along with an explanation of why such material is or was necessary.

    c. LINCOLN failed to properly and adequately investigate the merits of MILLS's disability claim and failed to provide a full and fair review of MILLS's claim.

29. MILLS believes and alleges that LINCOLN wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which MILLS is presently unaware, but which may be discovered in this future litigation and which MILLS will immediately make LINCOLN aware of once said acts or omissions are

discovered by MILLS.

30. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the LTD Plan, MILLS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

31. As a further direct and proximate result of this improper determination regarding MILLS's claims for benefits, MILLS, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MILLS is entitled to have such fees and costs paid by LINCOLN.

32. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, MILLS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, John Mills prays for relief against The Lincoln National Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability.

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 26, 2019

                                                 ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

__/s/ *Stephen F. Jessup*_____
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com